McCrary, Circuit Judge.
There are several objections to granting the relief sought by the respondent.
1. In the first place, if he were entitled in this case to that rebel, it would be necessary for him to seek it by a cross-bill. It is well settled that any affirmative relief sought by a defendant in an equity suit must be by cross-bill, and can never be granted upon the facts stated in the answer. Story’s Eq. Pleadings, Redfield’s edition, Sec. 398 A.; McConnell v. Smith, 23 Ill., 611; Armstrong v. Pierson, 5 Iowa, 317.
2. It is also well settled that, according to the practice which prevails in the federal courts in a suit to foreclose a mortgage, the mortgagee’s title must be investigated at law. In a foreclosure proceeding, the court will not inquire what interest the mortgagee has in the mortgaged premises. 2 Jones on Mortgages, Sec. 1482; Bull v. Meloney, 27 Conn., 560; Palmer v. *325 Mead, 7 Conn., 149; Hill v. Meeker, 23 Conn., 592; Williams v. Robinson, 16 Conn., 517; Dial v. Reynolds, 96 U. S., 340.
Brown & Campbell, for complainant.
Webb & Glasse and T. C. Corey, for respondent Brockway.
In the last named case the Supreme Court, per Swaine, Justice, say: “It is well settled that, in a foreclosure proceeding, the complainant cannot make a person who claims adversely to both the mortgagor and mortgagee a party, and litigate and settle his right in that case. Barbour, Parties in Equity, 493, and the cases there cited.”
In Hill et al. v. Meeker, supra, it appeared that the title of the mortgagee to one of several tracts of land embraced in the mortgage was denied. The case was exactly analogous to the one at bar, and the court held that the complainant could take the decree of foreclosure, leaving the parties at liberty to litigate the title in an action at law.
The decree in this case will be modified so as to provide that said decree, and the sale thereunder, shall be without prejudice to the right of the respondent Brockway, by proper legal proceedings, to contest the legal title to the land described in the answer as claimed by him.